George **DULIN**, Plaintiff–Appellant,

v.

**BOARD OF COMMISSIONERS OF the GREENWOOD LEFLORE HOSPITAL,** Defendant–Appellee.

No. 10–60095.

United States Court of Appeals, Fifth Circuit.

Sept. 15, 2011.

Jim D. Waide, III, Waide & Associates, P.A., Tupelo, MS, for Plaintiff–Appellant.

Susan Fahey Desmond, Jackson Lewis, L.L.P., New Orleans, LA, Karen Gwinn Clay, Watkins, Ludlam, Winter & Stennis, P.A., Jackson, MS, for Defendant–Appellee.

Before BARKSDALE, CLEMENT and PRADO, Circuit Judges.

PER CURIAM:

*ON PETITION FOR REHEARING*

The petition for rehearing is GRANTED. We WITHDRAW our earlier opinion, *Dulin v. Board of Commissioners of Greenwood Leflore Hospital,* 646 F.3d 232 (5th Cir.2011), in its entirety, and substitute the following:

We have reconsidered our opinion in the light of the Supreme Court's holding in *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 148, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) that a "plaintiff's prima facie case [of discrimination], combined with sufficient evidence to find that the employer's asserted justification [for termination] is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." Upon reconsideration, we now conclude that there is a triable issue of fact that requires a jury to decide fact and credibility issues. *See id.* at 150, 120 S.Ct. 2097 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)) (internal quo-

tation marks omitted)). We hold that the district court reversibly erred in granting judgment as a matter of law under Federal Rule of Civil Procedure 50(a) to the Board of Commissioners on Dulin's claim under 42 U.S.C. § 1981. Consequently, the judgment of the district court is VACATED, and the case is REMANDED for further proceedings consistent with this order.